### WYER'S SYNDICS vs. SWEET & AL.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiffs seek to set aside a mortgage given by the insolvent to the defendants, as given on the eve of the failure, in order to afford to them, an undue advantage or preference. The general issue was pleaded, and the mortgage set aside. The defendants appealed.

The facts of the case are these. On the 21st of November, 1822, Wyer drew a bill on the defendants, in Boston, for \$3000, and by his letter of advice of the 23d, promised that, in order that they might run no risk by the acceptance of it, he would secure them by a mortgage, on unincumbered property, and also forward a claim to be collected. Very early in March, 1823, W. B. Sweet, one of the defendants came to New Orleans, for the purpose

If a bill is accepted on the promise that a mortgage will be given to secure the acceptor, and it be subsequently given. If the mortgagor fail, the date of the promise will be considered in enquiring whether it should be set aside.

of securing the claim of his house on Wyer. On the 13th of that month, he received the mortgage which is the object of the present suit. On the next day, Wyer's paper in bank was protested, and on the 20th he failed. His embarrassments are proved to have existed in the summer and fall of 1822, and to have progressed until his failure.

The defendants accepted the bill, on the promise that they would be secured by a mortgage ; had it been given before, or at the time of the acceptance, it would have given no undue privilege to the mortgages, for it would not have created any diminution of the estate—the value of the mortgaged premises being represented by the amount of the bill paid by them. The bill was probably accepted towards Christmas, and the partner, who came to New Orleans, to obtain the promised mortgage, as he arrived in the first days of March, must have left Boston, in the latter part of January—not more than about one month, after the acceptance of the bill. It is in evidence, he pressed his debtor for several days, to accomplish his promise. We conclude he was guilty of no latches, and did not allow his debtor to enjoy any false credit. The existence of the debt to the defendants, is expressly admitted.

East'n District.
*June*, 1824.

WYER's SYN-
DICS

*vs.*
SWEET & AL.

As between the mortgagor and mortgagee, the letter does not differ very much, from a mortgage *sous seing privé.* Equity considers what is promised to be done, as done—and the notarial act is a publication to the world or registry of the *sous seing privé* mortgage.

The evidence of the promise to give the mortgage, results from the letter of Wyer—his cotemporaneous declarations, and the proof of frequent applications of W. B. Sweet, to have this promise carried into effect.

On these circumstances we think the mortgage may be considered as having been given at the time the mortgagees, advanced the money, and the estate was not impoverished by this operation.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the mortgage be set aside ; only as it secures a greater sum than the amount of the bill, viz. three thousand dollars, and that the defendants pay costs in the district court, and the plaintiffs in this.

*Ripley* for the plaintiffs, *Eustis* for the defendants.